IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          CRIMINAL ACTION NO. 2:09-cr-00222-10

THOMAS E. GEER,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is the United States Motion for Revocation of Order Releasing Defendant on Bond [Docket 227].

Defendant Thomas Geer appeared before Magistrate Judge Stanley on October 14, 2009, for a detention hearing in accordance with 18 U.S.C. § 3142(f). After receiving evidence, proffers, and argument from the parties, Magistrate Judge Stanley ordered that Defendant be released on a $10,000 unsecured bond pending trial. Pursuant to 18 U.S.C. § 3145(a), the Government now seeks review of the order releasing Defendant on bond.

On October 16, 2009, this Court entered a briefing schedule directing the Government to file a memorandum in support of its motion, any exhibits in support thereof, and the transcript of the proceedings before the magistrate judge. Defendant was given seven days to respond. The parties timely filed briefing as directed, and the motion is ripe for a decision.

## I. STANDARD OF REVIEW

The Bail Reform Act provides that a defendant shall be detained only if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required or the safety of any other person and the community. 18 U.S.C. § 3142(e). When a party seeks review of a magistrate judge's order releasing or detaining a defendant, the Court must conduct a de novo review. *United States v. Williams*, 753 F.2d 329, 331 (4th Cir. 1985). If the Court finds that no condition or combination of conditions will "reasonably assure the appearance of the person as required and the safety of any other person and the community," the defendant must be detained. 18 U.S.C. § 3142(e). In making this determination, the Court must review the record of the proceedings before the magistrate judge and consider specific factors set forth in 18 U.S.C. § 3142(g). These factors include (1) "the nature and circumstances of the offense charged;" (2) "the weight of the evidence against the person;" (3) "the history and characteristics of the person" including, among other factors, family ties, employment, financial resources, past conduct, criminal history, and whether the person was on release pending trial; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). In order to obtain a detention order, the Government must demonstrate (1) by clear and convincing evidence that "no conditions other than detention will reasonably assure the safety of any other person and the community," *United States v. Simms*, 128 F. App'x 314, 315 (4th Cir. 2005) (citing 18 U.S.C. § 3142(f)(2)); or (2) by a preponderance of the evidence that detention is necessary to

reasonably assure the appearance of the defendant at future court proceedings, *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001).*

## II. DISCUSSION

In its motion, the Government avers "[t]here are no conditions or combination of conditions to reasonably assure the safety of any other person and the community." [Docket 227.] There have been no representations that there is a risk of Defendant's nonappearance. Accordingly, the Government's burden is to demonstrate by clear and convincing evidence that Defendant's release poses a risk to the safety of others and the community. The Court reviews the Government's evidence and arguments in light of the factors set forth in 18 U.S.C. § 3142(g).

### A. *Nature and Circumstances of the Offense Charged*

Defendant is named in two counts of a forty-four-count indictment. Count Five charges him with retaliation against a witness in violation of 18 U.S.C. §§ 1513(b)(2) and 1513(f). Count Six charges him with conspiracy to commit murder in aid of racketeering activity in violation of 18 U.S.C. § 1959(a)(5). Defendant faces a maximum term of imprisonment of twenty years on Count Five and ten years on Count Six.

Both of the charges arise from the same set of alleged facts. Defendant is the president of the Last Rebels Motorcycle Club (LRMC), which is a so-called support club for the Pagan's Motorcycle Club (PMC). Defendant believed an incarcerated PMC member was cooperating with the government. Defendant conspired with members of the LRMC and the PMC, as well as a prison guard, to arrange for the jailhouse murder of the supposed "rat." The plot reached an advanced stage,

---

* Under some circumstances, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the defendant's appearance or the safety of the community. *See* 18 U.S.C. § 3142(e). The presumption does not apply to Defendant in this case.

including the reaching of an agreement to pay the prisoner who would kill the cooperating individual. The plot was disrupted by law enforcement before its aim was accomplished.

The Government's argument that Defendant poses a present risk to others is mitigated somewhat by the fact that the alleged offense occurred four years ago. Nonetheless, the charged conduct indicates that Defendant has the capacity and willingness to use violence against others. Moreover, the offenses with which Defendant is charged involve the potential use of deadly force against a person believed to be cooperating with the government. This circumstance is particularly concerning, as the identities of persons who have cooperated with the government in the lead up to this case, or who may become witnesses against defendants in this case, are likely to become known to the defendants as this case progresses. Thus, the nature and circumstances of the offenses charged indicate that Defendant poses a risk to others and the community—specifically, any persons who have cooperated or will cooperate with the authorities in connection with this case.

    *B.*    *Weight of the Evidence*

The Government has introduced a recorded conversation in which Defendant and another individual discuss how co-defendant Michael Stevens had offered to have the suspected informant "hurt." On the same recording, Defendant describes how he has threatened and intimidated other motorcycle clubs. Two other recordings submitted by the Government provide additional evidence of the conspiracy to attack the suspected informant. Additionally, the Government proffered at the detention hearing that Defendant is the president of the LRMC. *Cf. United States v. Smith,* 79 F.3d 1208, 1210 (D.C. Cir. 1996) (holding that the government may proceed by way of proffer at detention hearings); *United States v. Chappelle*, 51 F. Supp. 2d 703, 706 (E.D. Va. 1999) (same). In that position, the Government proffered that Defendant has the authority to order LRMC members to

4

commit acts of violence. The proffer was not rebutted. Thus, it appears that the Government has obtained substantial evidence in support of the charges lodged against Defendant in the Indictment.

      C.      *History and Characteristics of Defendant*

Defendant argues that aspects of his history and characteristics establish that he does not pose a danger to others. Defendant has no criminal history and is gainfully employed as a computer technician. In addition to having significant health problems of his own, Defendant functions as a care provider for his ill wife and special-needs grandson. Defendant's background suggests that he is not likely to personally engage in acts of violence against others.

The nature of the threat Defendant potentially poses to others is not predicated on his capacity for violent acts, however. The Government has proffered, without rebuttal, that Defendant is the president of the LRMC. The LRMC is an organization alleged in the Indictment to be involved with racketeering activities. It is structured hierarchically, with Defendant at the top. From this position, he is able to direct the actions of subordinate members of the LRMC. Thus, although Defendant may not be a physically dangerous person, he has the ability to endanger others through his position as the president of the LRMC. *Cf. United States v. Defede*, 7 F. Supp. 2d 390, 395 (S.D.N.Y. 1998) (holding that through the defendant's position as the head of a criminal organization, his release presented a danger to the community).

      D.      *Nature and Seriousness of Danger to Others*

The crimes with which Defendant is charged—retaliating against a witness and conspiracy to commit murder—evidence an apparent willingness to commit acts of violence against persons who cooperate with federal authorities. Defendant argues that the alleged plot to kill the PMC informant occurred four years ago and that Defendant is not alleged to have engaged in such activities since.

While this assertion may be true, it is unavailing. Based on the Government's evidence and proffers, Defendant has demonstrated that he is a threat to a particular class of persons, namely, persons associated with the LRMC and the PMC who act as informants or witnesses for the government against other members of these organizations. It is apparent from the recordings provided by the Government that it may take little more than suspicion or rumor for a person to be labeled a "rat."

While four years with no known criminal activity is a significant point in Defendant's favor, it may also indicate that Defendant has had no further difficulties with informants since then. Given recent events, that may well change soon. The unsealing of the Indictment in this case potentially exposed a number of persons within these organizations as government informants. Furthermore, the class of persons who may be targeted for their real or perceived cooperation with the government grows with each plea agreement that is filed with the Court.

### III.  CONCLUSION

After reviewing de novo the release order pursuant to 18 U.S.C. § 3145(a), the Court **FINDS** by clear and convincing evidence that no condition or combination of conditions could protect the safety of other persons and the community. The capability of Defendant to organize and direct members of the LRMC to retaliate against persons cooperating with the Government in this case is greatly curtailed if he is in custody. Accordingly, the Court **ORDERS** that Defendant be committed to the custody of the United States Marshal pending trial.

Defendant is **DIRECTED** to report in person to the United States Marshal, or his designee, by 5:00 p.m. on Wednesday, November 4, 2009. If Defendant fails to report as directed, a warrant for his arrest will issue.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: November 3, 2009

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE