# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                CRIMINAL ACTION NO. 2:09-cr-00222

MARTIN CRAIG NUSS,
BRIAN SCOTT MITCHELL,
MICHAEL LEE PHELPS,
THOMAS E. GEER, and
DANTE T. DEMARCO,

        Defendants.

### MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Martin Craig Nuss's Motion to Depose Second Known Person [Docket 925] and Defendant Brian Scott Mitchell's Motion to Depose ATF Charleston CI, James Claypool, and Floyd "Diamond Jesse" Moore [Docket 1260].  Defendant Mitchell's motion is joined by Defendants Nuss, Michael Lee Phelps, Thomas E. Geer, and Dante T. Demarco.

Defendants seek to depose the Government's witnesses under Rule 15(a) of the Federal Rules of Criminal Procedure for the ostensible purpose of preserving the witnesses' testimony for trial.  Citing the statements made on the record by the Government and this Court about the possible threats to witnesses in this case, Defendants assert that there is a potential that the Government's witnesses may be killed prior to trial.

Depositions are rarely permitted in criminal cases.  *See United States v. Jefferson*, 594 F. Supp. 2d 655, 665 (E.D. Va. 2009); *see also* Fed. R. Cr. P. 15 advisory committee's note ("It was

contemplated that in criminal cases depositions would be used only in exceptional situations, as has been the practice heretofore.").  Unlike in civil cases, depositions may never be taken in a criminal case for the purpose of engaging in discovery.  *United States v. Stroop*, 121 F.R.D. 269, 271 n.1 (E.D.N.C. 1988).  Rule 15(a) sets forth the limited circumstances under which the Court may order depositions to be taken. This rule states: "A party may move that a prospective witness be deposed in order to preserve testimony for trial.  The court may grant the motion because of exceptional circumstances and in the interest of justice." Fed. R. Cr. P. 15(a)(1).  To satisfy Rule 15's "exceptional circumstances" requirement,  the moving party generally must demonstrate (1)  that the witness probably will not be available to testify at trial and (2) that the witness' testimony is material.  *Jefferson*, 594 F. Supp. 2d at 665 (noting that there is little Fourth Circuit authority on this matter; collecting cases from other circuits); *see also United States v. Hajbeh*, 284 F. Supp. 2d 380, 382–83 (E.D. Va. 2003).

Defendants have proffered no evidence of a specific mortal threat to any of the witnesses they seek to depose.  They have offered nothing more than unfounded speculation that the witnesses may be harmed.   The possibility that a witness may become the victim of retaliation for his participation in an investigation or trial is potentially present in every criminal case.  Perhaps, as Defendants maintain, the danger to witnesses in this case is greater than it is in most cases; but a protective order is in place for just this reason.  Accordingly, Defendants have not met their burden of demonstrating that the Government's witnesses will be unavailable at trial.  *Cf. United States v. Varbaro*, 597 F. Supp. 1173, 1181–82 (S.D.N.Y. 1984).

Defendants' argument likewise fails on the materiality prong of the exceptional circumstances test.  To be material to a criminal defendant, the witness's testimony must be

exculpatory. *See Jefferson*, 594 F. Supp. 2d at 667 (citing materiality test from *Brady v. Maryland*, 373 U.S. 83 (1963), as applicable to Rule 15(a) inquiry); *Hajbeh*, 284 F. Supp. 2d at 385 (same). It is highly unlikely that the Government's witnesses against Defendants will provide exculpatory testimony.  To the contrary, Defendant Nuss states, "The government's case rests mostly upon the assistance and testimony of the Second Known Person."  (Docket 924 at 3).  And further, "Defendant has a serious concern the key witness against him may be unavailable for trial." (*Id.* at 4).  If the testimony of the Second Known person and the other witnesses are material, they are material to the Government.  It would be improper for Defendants to elicit testimony that is material only to the Government by way of a deposition; it is difficult to conceive of such an exercise as anything but an attempt to engage in discovery.[*]

Although the unavailability of a witness is the most common exceptional circumstance cited to justify a Rule 15 deposition, other situations also may present exceptional circumstances justifying a deposition.  *See United States v. Johnson*, 752 F.2d 206, 210 (6th Cir. 1985).  Defendant Mitchell raises an alternative ground for finding exceptional circumstances to depose one of the Government's witnesses, namely, that the witness has no credibility.  The asserted purpose of the proposed deposition would be to allow the Court to determine if the witness is sufficiently credible to be permitted to take the witness stand at trial.  Defendant has cited no authority for the novel proposition that a witness may be so lacking in credibility that he may be declared incompetent to

---

[*]  Defendant Nuss's concerns that the Second Known Person may be unavailable and that his statements may be introduced as hearsay are unavailing.  Defendants would not be prevented from impeaching the statements with evidence of that witness's lack of credibility, which according to Defendant Mitchell's motion, is ample.  *See* Fed. R. Evid. 806.

testify.  Having no foundation in the law, this inquiry would be an improper use of a Rule 15 deposition.

Accordingly, Defendants' motions to depose [Dockets 925, 1260] are **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendants and counsel, and the United States Attorney.

ENTER:        April 12, 2010

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE